IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS SHIVES,

        Petitioner,                 No. CIV S-09-1483 JAM EFB P

    vs.

JOHN HAVILAND,

        Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole for one year at his tenth parole consideration hearing held on November 28, 2007.  He claims the Board's decision that he was not suitable for parole violated his right to due process because it was not supported by reliable evidence that he posed a current danger to society if released.

As discussed below, the United States Supreme Court has held that the only inquiry on federal habeas review of a denial of parole is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state.  *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011).  In the context of a California parole suitability hearing, a petitioner receives adequate process when he/she is

allowed an opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979).  For the reasons that follow, applying this standard here requires that the petition for writ of habeas corpus be denied.

## I.  Procedural Background

Petitioner is confined pursuant to a 1986 judgment of conviction entered against him in the Sacramento County Superior Court following his conviction on charges of kidnap for robbery, genital penetration with a foreign object and use of a deadly weapon, and oral copulation by force.  Pet. at 1.[1]  Pursuant to that conviction, petitioner was sentenced to life in prison plus a thirteen year concurrent term.  *Id.*

The parole consideration hearing that is placed at issue by the instant petition was held on November 28, 2007.  Dckt. 1-1 at 50.  At that hearing, the Board panel found petitioner not suitable for parole and denied parole for one year.  *Id.* 153.

Petitioner challenged the Board's 2007 decision in a petition for writ of habeas corpus filed in the Sacramento County Superior Court in 2007 decision.  Answer, Ex. A.  The Superior Court denied that petition in a reasoned decision on the merits of petitioner's claims.  *Id.*, Ex. B.  Petitioner subsequently challenged the Board's 2007 decision in a petition for writ of habeas corpus filed in the California Court of Appeal and a petition for review filed in the California Supreme Court.  *Id.*, Exs. C, E.  Those petitions were summarily denied.  *Id.*, Exs. D, F.

## II.  Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases', or if it 'confronts a set of facts that are materially indistinguishable from a decision'" of the Supreme Court and nevertheless arrives at a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). *See also Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, we analyze the last reasoned decision"). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v.*

1 | *Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

2 | **III.  Petitioner's Claims**

3 | Petitioner claims that the Board's 2007 decision finding him unsuitable for parole

4 | violated his right to due process because it was not supported by reliable evidence that he posed

5 | an unreasonable risk of danger to the public if released.  Pet. at 5-18.

6 | **IV.  Applicable Legal Standards**

7 | The Due Process Clause of the Fourteenth Amendment prohibits state action that

8 | deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

9 | due process violation must first demonstrate that he was deprived of a liberty or property interest

10 | protected by the Due Process Clause and then show that the procedures attendant upon the

11 | deprivation were not constitutionally sufficient.  *Kentucky Dep't of Corrections v. Thompson,*

12 | 490 U.S. 454, 459-60 (1989).

13 | A protected liberty interest may arise from either the Due Process Clause of the United

14 | States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

15 | expectation or interest created by state laws or policies."  *Wilkinson v. Austin*,  545 U.S. 209, 221

16 | (2005) (citations omitted).  *See also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  The

17 | United States Constitution does not, of its own force, create a protected liberty interest in a

18 | parole date, even one that has been set.  *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981);

19 | *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or

20 | inherent right of a convicted person to be conditionally released before the expiration of a valid

21 | sentence."); *see also Hayward v. Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc).

22 | However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that

23 | parole release will be granted' when or unless certain designated findings are made, and thereby

24 | gives rise to a constitutional liberty interest."  *Greenholtz*, 442 U.S. at 12).  *See also Allen*, 482

25 | U.S. at 376-78.

26 | ////

1    California's parole scheme gives rise to a liberty interest in parole. *Swarthout v. Cooke*,

2    562 U.S. at ___, 2011 WL 197627, at *2. In California, a prisoner is entitled to release on

3    parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44

4    Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).

5    However, correct application of California's "some evidence" standard is not required by the

6    federal Due Process Clause. *Swarthout*, 2011 WL 197627, at *2. Rather, the inquiry on federal

7    habeas is whether the petitioner has received "fair procedures" for vindication of the liberty

8    interest in parole given by the state. *Id.* In the context of a parole suitability hearing, a petitioner

9    receives adequate process when he/she is allowed an opportunity to be heard and a statement of

10   the reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied where petitioners

11   were "allowed to speak at their parole hearings and to contest the evidence against them, were

12   afforded access to their records in advance, and were notified as to the reasons why parole was

13   denied"); *see also Greenholtz*, 442 U.S. at 16.

14   **V. Analysis**

15          Petitioner argues that the Board's 2007 decision finding him unsuitable for parole

16   violated his right to due process because it was not based on "some evidence" he was currently

17   dangerous. However, the record reflects that petitioner was given the opportunity to be heard at

18   his 2007 parole suitability hearing and received a statement of the reasons why parole was

19   denied. This is all that due process requires. *Swarthout*, 2011 WL 197627, at **2-3. As set

20   forth above, federal due process does not require that the Board's suitability decision be

21   supported by evidence that petitioner was not currently dangerous. Accordingly, petitioner is not

22   entitled to relief on his due process claim.

23   ////

24   ////

25   ////

26   ////

5

**VI.  Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED:  February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE